UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONYA ADDISON | CIVIL ACTION |
| VERSUS | NO. 14-1480 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "F" (3) |

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.    BACKGROUND

Plaintiff filed a protective application for DIB on January 11, 2012, alleging a disability onset date of January 18, 2012. (Adm. Rec. at 11, 104-10, 132). Plaintiff alleges disability due to sciatica, scoliosis, and arthritis in her knees. (*Id.* at 146). Plaintiff, born on October 8, 1969, was 42 years old on the date on which she alleged disability and 43 years old at the time of the final administrative decision. (*Id.* at 132). Plaintiff has a ninth-grade education. (*Id.* at 147). Plaintiff has past work experience as a certified nursing assistant, janitor, merchandiser, store clerk, receiver, cashier, and "busser" or dining table attendant. (*Id.* at 18-19, 135).

Defendant initially denied plaintiff's application on February 24, 2012. (*Id.* at 57-60). Plaintiff sought an administrative hearing, which defendant held on October 29, 2012. (*Id.* at 25-42). Plaintiff and a vocational expert ("VE") testified at the hearing.

On January 15, 2013, the administrative law judge ("ALJ") issued a decision in which he found that plaintiff had not been disabled through the date of the decision. (*Id.* at 11-20). In the decision, the ALJ concluded that plaintiff has the severe impairment of a back disorder. (*Id.* at 13). The ALJ held that plaintiff does not have an impairment that meets or medically equals the severity of a listed impairment under the regulations. (*Id.* at 14). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (*Id.*). He concluded that plaintiff can walk and stand for up to four-to-five hours in an eight-hour workday in increments of a maximum of 30 minutes at a time, and that she can walk for up to 150 feet in a workspace. (*Id.*). He also found that she can sit for up to four-to-five hours in an eight-hour workday in increments of 20 to 30 minutes at a time, and that she would need to change positions periodically. (*Id.*). At step four of the analysis, the ALJ held that plaintiff can perform her past relevant work as a busser or dining table attendant. (*Id.* at 18). And although the ALJ found that plaintiff was capable of performing her past relevant work, he also found that, in the alternative at step five, she is capable of performing other jobs that exist in the national economy. (*Id.* at 19). With the use of VE testimony, and considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff can perform a significant number of light exertion jobs in the national economy, such as cashier, receptionist, and general office clerk. (*Id.*). The ALJ thus denied plaintiff DIB. (*Id.* at 20).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 7). On May 30, 2014, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

**II.     STANDARD OF REVIEW**

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other

conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any

substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)).  If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination.  *Id.*

5

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

### IV.   ISSUE ON APPEAL

There is one issue on appeal:

(1)   Whether substantial evidence supports the ALJ's finding that plaintiff is not disabled.

### V.   ANALYSIS

**1.   Whether substantial evidence supports the ALJ's finding that plaintiff is not disabled.**

While plaintiff, proceeding *pro se*, raises no arguments in her memorandum in support of her motion for summary judgment, the Court, construing her pleading liberally, will treat her motion as one challenging the ALJ's ultimate determination that she is not disabled. Because plaintiff does not challenge any specific finding of the ALJ, the Court will address his main findings to determine whether they are supported by substantial evidence.

With regard to the ALJ's finding at Step Two of the sequential evaluation, the ALJ found that plaintiff's back disorder is a severe impairment under 20 C.F.R. § 404.1520(c). (Adm. Rec. at 13). The ALJ also considered plaintiff's knee pain at Step Two and found it to be not severe. (*Id.*). The ALJ acknowledged plaintiff's testimony that she takes Tylenol for her knees, but he then found no evidence of any specific treatment for knee pain. (*Id.* at 13, 33). In addition, the ALJ noted that

the evidence contained no positive findings on examination related to plaintiff's knees and simply no evidence that would lead to a conclusion that she has a knee impairment that more than minimally affects her ability to perform basic work activities. (*Id.* at 13, 16). Plaintiff's treating physician, Tarun Jolly, M.D. examined plaintiff in December 2011 and noted no pain and full range of motion in her knees. (*Id.* at 16, 270). Plaintiff fails to cite the Court to objective medical evidence that demonstrates that her knee arthritis prevents her from performing light work, and she admitted that her physician has not given her any specific limitations with regard to walking or standing. (*Id.* at 32). "[W]hen there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at * 1. The ALJ thus concluded that there was no evidence to support a finding of severe knee impairment. (Adm. Rec. at 13).

In her short brief, plaintiff also argues that she suffers from depression. But while the Court recognizes that plaintiff testified at the hearing that she has memory problems, she never listed depression in her applications, (*id.* at 35, 146, 191), or in her request for review of the ALJ's decision. (*Id.* at 219-223). In fact, in his December 2011 medical records, Jolly noted that plaintiff denied having depression. (*Id.* at 270). Depression is only noted for the first time in plaintiff's May 2013 letter from Licensed Clinical Social Worker Ellen Lee, who stated generically that plaintiff is depressed. (*Id.* at 312). "The ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the

record." *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). Thus, substantial evidence in the record supports the ALJ's finding that plaintiff's back disorder is the only impairment that imposed a significant limitation on her ability to perform basic work-related activities and is thus severe. (Adm. Rec. at 13).

In addition, the Court finds that the ALJ properly assessed plaintiff's RFC in accordance with the pertinent regulations and SSRs by considering all of the relevant evidence, including plaintiff's own testimony and all medical opinions. (*Id.* at 14-18); *see* 20 C.F.R. §§ 404.1545-404.1546; SSR 96-8p, 1996 WL 374184. There is substantial evidence in the record to support the ALJ's decision that plaintiff retains the RFC to perform a reduced range of light work. (Adm. Rec. at 14). The ALJ fully accommodated all of plaintiff's medically-supported functional limitations in his RFC finding.

The ALJ first noted that the medical evidence of record did not fully support the extent of the limitations that plaintiff alleged. (*Id.* at 18). For example, while plaintiff testified to chronic pain, she admitted that no medical source has placed any restrictions on her physical activity. (*Id.* at 15, 32-33). The fact that no physician restricted plaintiff's physical activity supports the ALJ's RFC finding. *See Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995).

The ALJ also considered Jolly's December 2011 medical records, in which he noted a normal appearance of the legs, full range of motion in her knees and ankles, normal lateral lumbar bending, and normal gait. (Adm. Rec. at 16, 270). In January 2012, plaintiff presented to the Medical Center of Louisiana at New Orleans ("MCLNO") for low back pain; Jeffrey Kuo, M.D. examined her. (*Id.* at 285-86). Her examination revealed full, but painful, range of motion of the back, negative straight leg test, and normal strength (5/5) with no sensory deficits in all extremities.

(*Id.* at 16, 286). In March 2012, plaintiff followed up at the outpatient clinic at MCLNO, where she complained of lower back pain. (*Id.* at 16, 281-82). Her examination revealed pain and tenderness in her lower back and left lower extremity. (*Id.* at 17, 281). However, plaintiff had full range of motion in all extremities. (*Id.*). The treating physician prescribed a cane and physical therapy, noting that plaintiff had previously not tried physical therapy. (*Id.*). Plaintiff returned to the clinic in May 2012, at which point her examination revealed normal motor strength throughout, except in the neck and left leg dorsiflexion. (*Id.* at 17, 297). The treating physician prescribed medication and physical therapy and told plaintiff to follow-up in June 2012. (*Id.* at 17, 297-98). However, the ALJ noted that following the May 2012 medical examination, there was no evidence that plaintiff sought further treatment. (*Id.* at 17); *see also Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987) (holding that the frequency of treatment may be properly considered in evaluating the severity of alleged pain).

Morevoer, the ALJ noted that while different physicians recommended physical therapy, there was no evidence that plaintiff ever underwent physical therapy, even though the physicians prescribed it on multiple occasions. (Adm. Rec. at 15-17, 259-260, 281-82, 297-98). It was proper for the ALJ to consider plaintiff's failure to follow these physicians' prescribed treatment as an indication that her condition was not disabling. *See Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990).

Plaintiff attached new medical documentation to her Motion for Summary Judgment, showing that she attended physical therapy sessions beginning on August 16, 2013, after the ALJ's January 15, 2013 decision. Plaintiff also submitted additional medical evidence of a letter from a

Licensed Clinical Social Worker, progress notes from Arshad Kaleem, DMD MD, radiology reports, and medical bills. Plaintiff had previously submitted some of the medical evidence to the Appeals Council, but all of the evidence attached to her Motion post-dates the ALJ's decision. (*Id.* at 4-5, 312); [Doc. #11 at pp. 3-9]. The Appeals Council considered the additional evidence but determined that it did not provide a basis for changing the ALJ's decision.  (Adm. Rec. at 1-5). Further, plaintiff's new medical documentation does not relate to the time period for which benefits were sought and thus do not provide a basis for further review. *See, e.g., Shave v. Apfel*, 238 F.3d 592, 597 (5th Cir. 2001) (findings that records not material to the relevant time period do not provide basis for further review).  New evidence must pertain to the contested time period and not merely concern a subsequently-acquired disability or the deterioration of a condition that was not previously disabling. *See, e.g., Leggett*, 67 F.3d at 566-67 (holding that remand not necessary for consideration of new evidence consisting of evaluations by psychiatrists).  "The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989).  It is well-settled law that new evidence does not provide good cause for remand unless a proper explanation is given of why plaintiff failed to earlier submit it.  *Id.* (citing *Geyen v. Secretary*, 859 F.2d 263, 264 (5th Cir. 1988). That plaintiff went to physical therapy after the issuance of the decision in her case is not relevant or material to the finding that she is not disabled. *See Leggett*, 67 F.3d at 567.

Also supporting the ALJ's finding of "not disabled" is an opinion from State Agency Medical Consultant, K.D. Glass, M.D., who reviewed the evidence and opined that it did not support a finding of an RFC of less than "light" work.  (Adm. Rec. at 18, 290). "State agency medical and

psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(I) (2012); SSR 96-6p, 1996 WL 374180 at * 2.  While plaintiff complained of pain, her subjective complaints must be corroborated, at least in part, by objective evidence. *See Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).  It is appropriate for an ALJ to discredit a claimant's subjective complaints due to contradictory medical reports. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). Plaintiff does not meet her burden of proof and provide to the Court objective medical evidence, dated prior to the ALJ's decision, to demonstrate that she is more limited than the ALJ found in his RFC assessment.

In addition to the medical evidence, plaintiff's own reported daily activities support a finding that she can perform basic work functions. For example, she reported that she reads and watches television on a daily basis, sometimes goes to her boyfriend's house, fills her car up with gas about once every two weeks, and has no problem sustaining attention. (Adm. Rec. at 15, 158-59, 176-77). Further, she can walk about two to three blocks, attend church, take her mother shopping for food about every two weeks, and shop for her own food. (*Id.* at 15, 158-59); *see Leggett*, 67 F.3d at 565 n.12 (finding that a claimant's daily activities may properly be considered when deciding a claimant's disability status).

It is undisputed that plaintiff experiences some limitations, which the ALJ provided for in his RFC finding, but to establish disability, she must be able to show that she has a functional impairment that would preclude substantial gainful activity. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). The Court finds that plaintiff has not met this burden.

And lastly, the Court finds that substantial evidence supports the ALJ's Steps Four and Five findings that plaintiff can perform other work in the national economy. Plaintiff has the burden of proving the inability to do past work. *Hollis v. Bowen*, 837 F.2d 1378, 1386 (5th Cir. 1988). Plaintiff's burden at step four includes establishing the exertional requirements of her past work. *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990). Plaintiff indicated that for one of her past jobs, she wiped off tables. (Adm. Rec. at 187). The VE found that she had past relevant work as a busser or dining table attendant, which is light and unskilled work. (*Id.* at 18, 38-39). However, as shown above, plaintiff does not demonstrate that she is not capable of performing light work, nor has she identified any objective medical evidence in the record that would indicate that she can not perform this job. Therefore, the ALJ properly determined at Step Four that plaintiff is not disabled because she retains the ability to perform the demands of her past relevant work as a "busser" as that job is generally performed in the national economy. (*Id.* at 18).

Further, at Step Five, the ALJ found that there are other jobs in the national economy that plaintiff is also able to perform. (*Id.* at 19-20). If the VE can enumerate a significant number of jobs that exist in one or more occupations that plaintiff can perform, the ALJ's decision should be affirmed. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (affirming Commissioner based on VE testimony at step five). Here, the ALJ presented a hypothetical question to the VE, in which he asked whether an individual with plaintiff's age, education, work experience, and the RFC discussed above, can perform a significant number of jobs in the national economy. (*Id.* at 19-20, 38-40). The ALJ's hypothetical question to the VE properly included the functional limitations "supported by the evidence and recognized by the ALJ." *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir.

2002). The VE responded that plaintiff can perform the occupations of cashier, receptionist, and general office clerk. (*Id.* at 19, 40). The VE further testified that approximately 370,000 cashier positions, 280,000 receptionist positions, and 370,000 general office clerk positions exist in the national economy. (*Id.* at 19, 40). The jobs that the VE cited constitute a significant number for purposes of satisfying the Commissioner's burden of proof at Step Five in this case. *See Lirley v. Barnhart*, 124 Fed. Appx. 283, 284 (5th Cir. 2005) (finding 50,000 jobs in the nation to be significant). Thus, the Court concludes that substantial evidence of record supports the ALJ's finding that plaintiff is not disabled.

## VI.  CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 3rd day of June, 2015.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**